UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.                        407CR281

RICHARD T. BAKER

## ORDER

### I. BACKGROUND

Pursuant to a guilty plea, this Court sentenced Richard T. Baker to 87 months imprisonment for violating 21 U.S.C. § 841 (a)(1) and (b)(i)(B) (Possession with intent to distribute 5 grams or more of cocaine base). Doc. # 56. Baker's appointed counsel, Matthew C. Henderson, obtained a good result for him, since Baker faced far more time in light of the 18 U.S.C. § 922(g)(1) (gun charge) count dropped pursuant to a plea bargain. Doc. # 52.

Henderson has since submitted a Criminal Justice Act (CJA) compensation application reflecting over $23,000 worth of time and costs. His 9/24/08 cover letter to a docketing clerk states: "I am *not* petitioning the Court for compensation beyond the allowed amount for the CJA20 form in [this] case." CJA requests exceeding the $7,800 statutory maximum, 18 U.S.C. § 3006A(d)(2),[1] require the Court to "certif[y] that the amount of the excess payment is necessary to provide fair compensation." 18 U.S.C. § 3006A(d)(3). *See, e.g., U.S. v. Grabowiecka*, 2007 WL 1695375 at * 1 (S.D.Fla. 6/8/07) (unpublished). Thus, the Court presumes that Henderson, who completed his work in this case before 10/13/08, seeks $7,000.[2]

### II. ANALYSIS

Competing policies figure into the CJA scheme, as reflected in this passage concerning awards over the statutory maximum:

> On one hand, representing indigent defendants is a form of public service; thus, the CJA was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel and that objective is disserved by a narrow and miserly construction of the excess-compensation provision....

*U.S. v. Mukhtaar*, 2008 WL 2151798 at * 2 (S.D.N.Y. 5/21/08) (unpublished) (quotes, cites and alterations omitted).

This Court minds the public fisc, however, even for CJA petitions for $7800 and less. The reason centers around the fact that there is no Federal Public Defender in the Southern District of Georgia, and *all* members of this Court's bar

---

[1] The "Judicial Administration and Technical Amendments Act of 2008," Pub. L. No. 110-406, 122 Stat 429 (enacted 10/13/08), amended the CJA (18 U.S.C. § 3006A) by raising case compensation maximums applicable to appointed private "panel" attorneys. As now reflected in Vol. 7, *Guide to Judiciary Polices and Procedures* § 2.22, they include: $7,800 for felonies at the trial court level and $5,600 for appeal (previously $7,000/$5,000); $2,200 for misdemeanors at the trial court level and $5,600 for appeal (previously $2,000/$5,000); $7,800 for non-capital post-conviction proceedings under 18 U.S.C. §§ 2241, 2254 or 2255 and $5,600 for appeal (previously $7,000/$5,000). *Id.*

[2] The above-noted CJA amendment to the attorney case compensation maximums applies to cases pending on or after 10/13/08, the effective date of the legislation. Specifically, the new case compensation maximums apply to a voucher submitted by appointed counsel if that person furnished any CJA-compensable work on or after 10/13/08. The former case compensation maximums apply to a voucher submitted by appointed counsel if that person's CJA-compensable work on the representation was completed before 10/13/08. *See* Vol. 7, *Guide to Judiciary Polices and Procedures* § 2.22.

are subject to appointment in criminal cases. All, then, must take time out to bone up on and stay current in criminal practice so that competent representation may be provided.

It follows that there is an ongoing education expense that figures into each CJA-appointee's time once an appointment is made. It is not for the taxpayers to subsidize that. This Court's bar members are obligated (this is a *trial* bar) to be ready for randomly appointed criminal defense representation. See S.D.LOC.R. 83.11; *U.S. v. Browne*, 2008 WL 878919 at * 1 S.D.Ga. 3/1/08) (unpublished). Hence, a good portion of the many hours devoted to criminal defense work represents the cost of each lawyer's professional obligation to society, not to mention membership in this Court's bar.

It is in this light that the Court has reviewed Henderson's petition and supporting detail. Nothing in the record suggests that the legal issues in this "guns-and-drugs" case were significantly greater than the average (and this Court handles many such cases), so $6000 for counsel's time, plus $235.20 for his costs, is the more reasonable amount to award here.

### III. CONCLUSION

Accordingly, the Court awards attorney Matthew C. Henderson a total of $6,235.20.

Finally, it has been the Clerk's practice not to file CJA petition detail ("hourly worksheets") and cover letters. That defeats the purpose of the open-access policy dictated by established Eleventh Circuit precedent. See *U.S. v. Brown*, 407CV085 doc. # 77 at 4 (S.D.Ga. Order entered 10/14/08) (citing *U.S. v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) and *U.S. v. Bradley*, 2007 WL 1703232 at * 3 (S.D. Ga. 6/11/07) (unpublished)).

Within 10 days after the date this Order is served, then, Henderson shall show cause why his entire CJA filing, including his 9/24/08 cover letter and his hourly worksheets, should not be filed unsealed. Until then, the Clerk shall file and seal these materials. If Henderson declines to respond in opposition, the Clerk shall unseal them. This shall also be the Standard Operating Procedure (*i.e.*, all future CJA filings -- including cover letters and supporting paperwork -- are to be filed unsealed, absent a special motion pursuant to S.D.LOC.R. 79.7(b)).

This 21 day of October, 2008.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA