IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | INDICTMENT NO. CR407-281 |
| ) | |
| RICHARD THOMAS BAKER, ) | |
| ) | |
| Defendant. ) | |

## COUNSEL'S RESPONSE TO COURT ORDER TO SHOW CAUSE

Matthew C. Henderson, attorney for Defendant Richard Thomas Baker, responds to the Court's Order of October 24, 2008 to show cause why his entire CJA filing should not be filed unsealed, showing the Court as follows:

The hourly worksheets in the CJA filing include statements made in private telephone calls and meetings between the undersigned counsel and defendant. Such statements are protected by the attorney-client privilege.

> The attorney-client privilege protects specific communications between a lawyer and a client. For a communication to be privileged, there must be proof of the following elements:
> (1) the asserted holder of the privilege is or sought to become a client;
> (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer;
> (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and
> (4) the privilege has been (a) claimed and (b) not waived by the client.

U.S. v. Christou, No. 1:06-CR-483-WSD, 2008 WL 488878, *4 (N.D. Ga., Feb. 20, 2008); see also Fed. R. Crim. P. 16(b)(2)(b)(i) (prohibiting discovery of statements made to the defendant's attorney by defendant). The privilege applies here because: 1) the undersigned was appointed to

769320-01

and did represent Defendant Baker, the holder of the privilege, in this case, 2) the timesheets indicate communications between Defendant Baker and the undersigned member of the bar of this Court in connection with his representation of Defendant Baker in this case, 3) the timesheets indicate communications relating to facts of which the undersigned was informed by Defendant Baker without the presence of strangers for the purpose of securing legal services and not for the purpose of committing a crime or tort, and 4) the privilege has not been waived.

The hourly worksheets also include information that is protected by the work product doctrine, such as legal theories, opinions, and mental impressions of defense counsel. "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." U.S. v. Nobles, 422 U.S. 225, 238 (U.S. 1975). Specifically, the hourly timesheets include opinion work product. "Opinion work product encompasses all material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories." Williamson v. Moore, 221 F.3d 1177, 1182 (11th Cir. 2000) (citing Hickman v. Taylor, 329 U.S. 495, (1947) (internal quotations omitted). The work-product doctrine "applies in criminal matters as it does in civil cases." United Kingdom v. U.S., 238 F.3d 1312, 1321 (11th Cir. 2001) (internal citation and quotations omitted). See also United States v. Nobles, 422 U.S. 225, 238 (1975) ("Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital. The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case."); Fed. R. Crim. P. Rule 16(b)(2)(a) (prohibiting discovery of "reports, memoranda, or

other documents made by . . . the defendant's attorney . . . during the case's investigation or defense").

Because the CJA filing contains information protected by the attorney-client privilege and the work product doctrine, the undersigned requests that, should the CJA filing be unsealed, the hourly worksheets attached hereto as Exhibit A, which contain revised descriptions of services, be substituted for the original hourly worksheets, to preserve the attorney-client privilege and protect work product.

This 6th day of November, 2008.

                                           Respectfully Submitted,

                                           HUNTER, MACLEAN, EXLEY & DUNN, P.C.

                                           Matthew C. Henderson
                                           Georgia Bar No. 346334
                                           Attorney for Defendant Richard Thomas Baker

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412
(912) 236-0261

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) INDICTMENT NO. CR407-281 |
| RICHARD THOMAS BAKER, | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **COUNSEL'S RESPONSE TO COURT ORDER TO SHOW CAUSE** in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court. The Clerk of Court will send notification of such filing to the following other parties:

> Karl I. Knoche
> Assistant United States Attorney
> P.O. Box 8970
> Savannah, Georgia 31412
> Karl.Knoche@usdoj.gov

This 6th of November, 2008.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*/s/ Matthew C. Henderson*
Matthew C. Henderson
Georgia State Bar No.: 346334
Attorney for Defendant Richard Thomas Baker

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412
(912) 236-0261

769320-01

# EXHIBIT A

769320-01