UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.                                    407CR281

RICHARD T. BAKER

### ORDER

### I. BACKGROUND

Pursuant to a guilty plea, this Court sentenced Richard T. Baker to 87 months imprisonment for violating 21 U.S.C. § 841 (a)(1) and (b)(i)(B) (Possession with intent to distribute 5 grams or more of cocaine base). Doc. # 56. Baker's appointed counsel, Matthew C. Henderson, then submitted a Criminal Justice Act (CJA) compensation petition showing his time and costs, and this Court granted it in part. Doc. # 58; *U.S. v. Baker*, 2008 WL 4755555, S.D.Ga. 10/24/08) (unpublished). However, the Court also noted the Clerk's practice

> not to file CJA petition detail ("hourly worksheets") and cover letters. That defeats the purpose of the open-access policy dictated by established Eleventh Circuit precedent. *See U.S. v. Brown*, 407CV085 doc. # 77 at 4 (S.D.Ga. Order entered 10/14/08) (citing *U.S. v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) and *U.S. v. Bradley*, 2007 WL 1703232 at * 3 (S.D. Ga. 6/11/07) (unpublished)).

2008 WL 4755555 at * 2.

Having initially placed Henderson's filing under seal, doc. # 59, the Court directed Henderson to "show cause why his entire CJA filing, including his 9/24/08 cover letter and his hourly worksheets, should not be filed unsealed." *Id.* Henderson has complied, doc. # 60, and urges the Court to keep his original hourly worksheets sealed but substitute revised timesheets that he furnishes at doc. # 60-2.

### II. ANALYSIS

Henderson cites, *inter alia*, *U.S. v. Christou*, 2008 WL 488878 (N.D.Ga. 2/20/08) (unpublished), a case that does not involve billing time sheets but recites the general attorney-client privilege standards, to support his argument that his CJA filings should remain sealed. Doc. # 60 at 1. Those filings, he points out, include "statements made in private telephone calls and meetings between [himself] and defendant." Doc. # 60 at 1. More specifically, the timesheets reflect "communications relating to facts of which [Henderson] was informed by ... Baker [in private] for the purpose of securing legal services" and no waiver or exception can be shown. *Id.* at 2. They also include, he asserts, "opinion work product" recognized as protected by, *inter alia*, *Williamson v. Moore*, 221 F.3d 1177, 1182 (11th Cir. 2000).

There is support for recognizing the privilege in billing records. *Ehrich v. Binghamton City School Dist.*, 210 F.R.D. 17, 21 (N.D.N.Y. 2002) (Attorney billing records are protected by the attorney-client privilege under federal common law to the extent they reveal more than client identity and fee information), cited in 1 ATTORNEY-CLIENT PRIVILEGE IN THE U.S. § 6:17 (Mar. 2008). That privilege, however, is not casually conferred:

> Generally courts have either concluded that fee information was not confidential because it was not substantively linked to the advice that was sought, or that it was not sufficiently linked to the proof of guilt to qualify for protection under the "last link" rationale.... [F]ees may be a precondition to obtaining services, but substantively they should have little to do with the quality of the advice given, or

with the confidentiality that could reasonably be expected.

ATTORNEY-CLIENT PRIVILEGE IN THE U.S. § 6:17 (footnotes omitted). Plenty of cases reflect that rationale. *See Dibella v. Hopkins*, 403 F.3d 102, 120 (2nd Cir. 2005) (attorney time records and billing statements not privileged unless they reveal client confidences; applying New York law). At bottom, general statements which merely advert to privileged communications do not qualify. *Id.* ("The entry 'Calls with B. Hopkins' is not privileged under this rule. It is not detailed in any respect, and it conveys no information about discovery, trial strategy, factual investigation, or any other legal services rendered").

It is true that some cases apply somewhat subtle distinctions, *see, e.g.*, *105 Street Associates, LLC v. Greenwich Ins. Co.*, 2006 WL 3230292 at * 6 (S.D.N.Y. 11/7/06) (unpublished); *Real v. Continental Group, Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986) (Defense counsel's statement of fees and billing printouts were not discoverable by employee in age discrimination suit, though documents were allegedly relevant to employee's attorney fee application, where documents would necessarily reveal nature of legal services provided; documents were protected by attorney-client privilege).

But it is also true that here Henderson cites to no specific example to support his claim that "the hourly worksheets [currently under seal at doc. # 59] include opinion work product." Doc. # 60 at 2. The same may be said for his claim that the sheets relate to "facts of which the undersigned was informed by [his client, in confidence]." *Id.* One can infer what he means by comparing the actual timesheets (doc. # 59) with his proposed revision at doc. # 60, but inferences and generalized claims of privilege simply do not make the grade here. *See, e.g.*, *Alpha I, L.P. ex rel. Sands v. U.S.*, 83 Fed.Cl. 279, 289-90 (Fed.Cl. 2008); *U.S. v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002) ("A party claiming the [attorney-client] privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted.... Blanket assertions are extremely disfavored") (quotes and cite omitted).[1]

Therefore, the Court will unseal Henderson's CJA detail currently sealed at doc. # 59. Note that he has made no showing at all with respect to his 9/24/08 cover letter, so that shall likewise be unsealed.

---

[1] As the Tenth Circuit remarked in an analogous context:

> When the party seeking protection fails to specifically identify the materials protected, courts have uniformly found a waiver. In the context of a discovery request in civil litigation, the Ninth Circuit held that general assertions of privilege or work-product protection are insufficient. *See Burlington N. & Santa Fe Ry. Co. v. District Court*, 408 F.3d 1142, 1149 (9th Cir.2005); *see also United States v. White*, 970 F.2d 328, 334-35 (7th Cir.1992) (holding failure to timely assert attorney-client privilege for each specific communication or document constitutes waiver); *United States v. Neill*, 952 F.Supp. 834, 842 (D.D.C.1997) (concluding failure to specifically identify computer files seized by government as protected by the attorney-client privilege constitutes waiver).

*U.S. v. Ary*, 518 F.3d 775, 783-84 (10th Cir. 2008).

## III. CONCLUSION

Accordingly, the Court concludes that attorney Matthew C. Henderson has not shown good cause to keep sealed his cover letter and CJA compensation detail temporarily sealed at doc. # 59. The Clerk therefore shall, within 10 days of the date this Order is served, unseal doc. # 59 unless Henderson files a motion (which this Court will grant) for stay pending appeal.

This __17__ day of November, 2008.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA